NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHALIK COLEMAN,

      Plaintiff,

v.

CORIZON MEDICAL, *et al.*,

      Defendants.

Civil Action No. 18-4611 (JMV/MF)

**OPINION**

**VAZQUEZ, District Judge:**

**I.    INTRODUCTION**

*Pro se* Plaintiff Shalik Coleman, a prisoner currently incarcerated at East Jersey State Prison, seeks to bring a federal civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., DE 1.) The Court previously granted Plaintiff leave to proceed *in forma pauperis* in this matter. (Order, DE 5.)[1] At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, Plaintiff's § 1983 claim against Union County Jail will be dismissed with prejudice and the remainder of the Complaint will be dismissed without prejudice.

---

[1] Shortly after the Court granted Plaintiff leave to proceed *in forma pauperis* in this matter, Union County Jail filed a motion for summary judgment. (Mot., DE 10.) Because the motion was filed before the Court conducted its mandatory screening of the Complaint, it was terminated as premature. (Text Order, DE 12.)

## II. BACKGROUND

Plaintiff's Complaint arises out of alleged inadequate medical care he received at Robert Wood Johnson University Hospital and, later, while a pretrial detainee at Union County Jail. (*See* DE 1, at 10–14.) The Complaint identifies the following defendants: Corizon Medical; Union County Jail; Nurse Sylvia Cooper; Nurse Phyllis McCuran; Nurse Joah Jeremiah; Nurse Silverine Lewars; Dr. Cecilia Ghanbari; Jane Doe Nurses; Dr. Rachana Tyagi; Robert Wood Johnson University Hospital ("RWJUH"); and Synthes U.S.A. 2506 ("Synthes"). (DE 1, at 5–9.) The Court accepts as true the factual allegations contained in the Complaint.

It appears from the Complaint that at some time before June 2011, Plaintiff was injured in a car accident. (*See id.* at 12.) Plaintiff was treated for injuries caused by the car accident by Dr. Tyagi at RWJUH. (*Id.*) Specifically, Dr. Tyagi inserted a screw into a vertebra of Plaintiff's neck. (*Id.*) Plaintiff does not specifically allege the date on which this surgery was conducted. It is similarly unclear whether Plaintiff was a detainee or prisoner in State custody at the time the surgery was conducted.

On July 3, 2011, Plaintiff was transferred to Union County Jail. (DE 1, at 10.) Shortly thereafter, he "began experiencing pain in his neck, back, chest, and numbness in both arms that radiated down to [his] fingertips." (*Id.* at 10.) Plaintiff claims that from 2013 through 2015, he complained to Nurses Cooper, McCuran, Jeremiah, and Lewars, and the Jane Doe Nurses (collectively, the "Nurse Defendants") about the pain he was experiencing, but they "did absolutely nothing to alleviate the pain." (*Id.* at 11.)[2] Plaintiff alleges that he also told Dr. Ghanbari about

---

[2] Plaintiff additionally alleges that he was never provided with an inmate handbook or any materials regarding the grievance procedure at Union County Jail. (DE 1, at 14.) Plaintiff states that he "learned from other prisoners about the procedure to submit medical request slips for medical attention" and that he did not receive responses to his requests for medical attention "on numerous occasions." (*Id.*)

his pain and that she did "absolutely nothing" to alleviate it. (*Id.*) Plaintiff asserts that Corizon Medical had contracted with Union County Jail to provide medical services and, as part of that contract, "has a professional obligation and responsibility to ensure their employees render services and care." (*Id.* at 10.) Plaintiff contends that the failure of Corizon Medical's employees to render him care caused that duty to be breached. (*Id.*)

At some point in 2015, Plaintiff was transferred to New Jersey State Prison. (*See id.* at 11–12.) In 2017, Plaintiff was seen at the New Jersey State Prison Medical Center regarding the screw in his neck. (*Id.* at 12.) An x-ray performed on September 28, 2017 revealed that the screw was broken.[3] (*Id.*) On October 2, 2017, Plaintiff was taken to St. Francis Medical Center for additional diagnostic testing to access the damage caused by the broken screw. (*Id.*) On October 20, 2017, Plaintiff was seen by a neurosurgeon at St. Francis Medical Center and was scheduled to consult with a surgical team regarding surgery to repair the screw. (*Id.*) Plaintiff again consulted with a neurosurgeon in February 2018, who explained that during surgery they would remove the broken screw and re-align Plaintiff's vertebrae using four new screws and a plate. (*Id.*) This surgery will apparently "result in additional loss of limited use [of] plaintiff's neck." (*Id.*)

Plaintiff does not appear to raise any claims with respect to his treatment at New Jersey State Prison. Instead, Plaintiff's claims relate only to the treatment he received at RWJUH and the apparent lack of treatment received at Union County Jail. (*See id.* at 12–13.) Plaintiff alleges that RWJUH acted with deliberate indifference and violated his rights by "accepting a defective Cancellous bone screw" and that Dr. Tyagi further acted with deliberate indifference by "inserting the defective screw into Plaintiff's neck." (*Id.* at 12.) Plaintiff additionally asserts claims against

---

[3] Plaintiff does not specifically relate the neck, back, and chest pain he complained of while detained at Union County Jail to the broken screw in his neck. However, a liberal reading of the Complaint suggests that his pain was potentially caused by the broken screw.

3

Synthes, the manufacturer of the screw, for failure to implement sufficient quality control measures to prevent defective screws from being used in surgery. (*Id.* at 13.)

Plaintiff seeks injunctive, declaratory, and monetary relief against Defendants. Plaintiff requests that the Court declare that the actions and practices of Defendants violate 42 U.S.C. § 1983 and the Eighth Amendment and that those actions constitute negligence and breach of contract under New Jersey law. (*See id.* at 14–15.) Plaintiff seeks monetary damages of $1,000,000 from each Defendant. (*Id.* at 14.) And, finally, Plaintiff seeks an injunction ordering "Robert Wood Johnson Hospital to establish quality control measures to verify the quality of any implant prior to its being inserted into a patient" and ordering Synthes "to establish rigorous quality control measures to rectify the quality of its implants of any sort prior to being shipped out to any hospital." (*Id.* at 15.)

### III. RELEVANT LEGAL STANDARDS

#### a. The PLRA and Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing

*Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Mitchell v. Beard*, 492 F. App'x 230, 232–34 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint may also be dismissed for failure to state a claim if it appears "'that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *see also Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

*Pro se* pleadings are liberally construed. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* at 245.

### b. Claims Under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. The statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges,

5

> or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To obtain relief under Section 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (noting that § 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights).

## IV. ANALYSIS

### a. Claim Against Union County Jail

Plaintiff's § 1983 claim against Union County Jail will be dismissed as Union County Jail is immune from suit. Claims for relief under section 1983 may only be brought against "persons." *See* 42 U.S.C. § 1983. A county jail, such as Union County Jail, is not a person amenable to suit under the statute. *See Williams v. Mercer Cty. Corr. Center*, Civ. No. 16-9135, 2017 WL 3877847, at *2 (D.N.J. Sept. 5, 2017); *Harris v. Hudson Cty. Jail*, Civ. No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2010).[4] Accordingly, Plaintiff's § 1983 claim against Union County Jail is dismissed with prejudice.

### b. Claims Against the Nurse Defendants, Dr. Ghanbari, and Corizon Medical

The Court construes the Complaint to allege claims of inadequate medical care in violation of the Eighth Amendment against the Nurse Defendants and Dr. Ghanbari and a supervisory liability claim against Corizon Medical for its employees' failure to provide adequate medical

---

[4] "The correct entity subject to suit under § 1983 for claims against the jail would be the county which operates the facility." *Harris*, 2015 WL 1607703, at *5.

treatment. Without determining whether Plaintiff has alleged sufficient facts to state a claim under these theories, the Court notes that these claims appear to be barred by the statute of limitations. "[A] district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 F. App'x 455, 457 (3d Cir. 2007). Claims under § 1983 are "governed by the applicable state's statute of limitations" and thus Plaintiff's claims, which arose in New Jersey, are subject to a two-year limitations period. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("[A] section 1983 claim arising in New Jersey has a two-year statute of limitations."). Federal law, however, governs when claims under § 1983 accrue. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). Claims arising under § 1983 accrue "when the plaintiff knows or has reason to know of the injury which is the basis for a section 1983 action." *Ozoroski v. Maue*, 460 F. App'x 94, 97 (3d Cir. 2012).

Plaintiff filed this action in March 2018. The facts alleged in support of his claims against the Nurse Defendants, Dr. Ghanbari, and Corizon Medical occurred while Plaintiff was a pretrial detainee at Union County Jail during the years 2013, 2014, and 2015. (*See* DE 1, at 10–12, 14.) Accepting as true Plaintiff's allegation that his detention at Union County Jail began on July 3, 2011 and that he was detained there for "a little over four years," (*id.* at 10, 14), it is apparent to the Court that Plaintiff was transferred from Union County Jail to New Jersey State Prison sometime in the year 2015. Accordingly, the latest date on which Plaintiff's claims against the Nurse Defendants, Dr, Ghanbari, and Corizon Medical could have accrued was sometime in 2015, approximately three years before Plaintiff filed his Complaint in 2018. Therefore, Plaintiff's claims are untimely and subject to dismissal.

7

The limitations period may, however, be tolled under certain circumstances. State law governs whether the limitations period should be tolled. *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010). A plaintiff may be entitled to equitable tolling under New Jersey law

> where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie St. Police Dep't*, Civ. No. 10-497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. New Jersey*, 788 A.2d 867, 879–80 (N.J. Super. Ct. App. Div. 2002)). Here, Plaintiff's Complaint does not demonstrate any basis for this Court to equitably toll the limitations period. Therefore, the claims against the Nurse Defendants, Dr. Ghanbari, and Corizon Medical are dismissed without prejudice. Plaintiff may, however, amend his complaint if he can accurately allege facts that would support equitable tolling of the statute of limitations.

### c. Claims against Dr. Tyagi, RWJUH, and Synthes

The Court construes the Complaint to additionally assert a § 1983 claim for inadequate medical care against Dr. Tyagi, RWJUH, and Synthes related to the insertion of the allegedly defective screw into his neck. The § 1983 claims against these Defendants will be dismissed because Plaintiff has failed to demonstrate that they are state actors subject to liability under § 1983. *See West*, 487 U.S. at 48 (noting that to state a claim under section 1983, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law"); *see also Staples v. New Brunswick Police Officer Bellafonte/Bonaparte*, Civ. No. 17-6778, 2018 WL 616132, *3 (D.N.J. Jan. 29, 2018). Indeed, RWJUH "is 'a private, non-profit, academic health center,' and therefore, neither it, nor its employees, may be held liable under § 1983 absent allegations sufficient to show its actions were 'fairly attributable to the State.'" *Staples*, 2018 WL

616132, at *3 (citations omitted). Synthes appears to be a private company that is similarly not subject to liability under § 1983 absent allegations sufficient to demonstrate it actions may be attributable to the State. The Complaint is devoid of any facts that would support a finding that RWJUH, Dr. Tyagi, or Synthes acted in a manner attributable to the State. Accordingly, the § 1983 claims against RWJUH, Dr. Tyagi, and Synthes are dismissed without prejudice.

### d. State Law Claims

The Court discerns from the Complaint that, in addition to constitutional claims under § 1983, Plaintiff seeks to bring state law claims of medical malpractice, breach of contract, and negligence against Defendants. Because Plaintiff's constitutional claims under section 1983 will be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district courts to "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"). Accordingly, the state law claims against Defendants are dismissed without prejudice.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's § 1983 claim against Union County Jail is dismissed with prejudice and the remainder of the Complaint is dismissed without prejudice. Plaintiff is permitted to file an amended complaint, curing the deficiencies noted herein, within forty-five (45) days of the date of entry of this Opinion and the accompanying Order. An appropriate Order accompanies this Opinion.

Date:_November 5, 2019           s/ John Michael Vazquez  
At Newark, New Jersey          JOHN MICHAEL VAZQUEZ  
                                                           United States District Judge