<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHALIK COLEMAN, | |
| Plaintiff, | Civil Action No.<br>No. 18-4611 (JMV) (MF) |
| v. | |
| CORIZON MEDICAL, et al., | **OPINION & ORDER** |
| Defendants. | |

**VAZQUEZ, District Judge:**

This matter comes before the Court by way of Plaintiff's Amended Complaint (hereinafter "Complaint") raising claims pursuant to 42 U.S.C. § 1983. (D.E. 25.) The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

According to Plaintiff, on September 28, 2010, he was in a serious car accident that required emergency spine surgery. (*Id*. at 6.) As part of the surgery, Defendant Dr. Tyagi, a surgeon, placed a bone screw in Plaintiff's spine. The manufacturer of the screw later recalled the item as defective. (*Id*.) Although the procedure left him with pain, discomfort, and numbness for many years, Plaintiff did not discover that the screw had broken until September 28, 2017, after an X-ray. (*Id*. at 5–6.) Ultimately, in February of 2018, a neurosurgeon advised Plaintiff that he would need to remove the broken screw, line the vertebrae, and install four titanium screws and a plate. (*Id*. at 7.) The doctor advised that this procedure would further limit Plaintiff's mobility.

In September of 2018, the State transferred Plaintiff to East Jersey State Prison. On May 20, 2019, Defendant Dr. Lynch sent Plaintiff to Saint Francis Medical Center. Defendants Greene and Kane arrived with a "dog kennel transport van" to transport Plaintiff. (*Id*.) The layout of van posed a great danger to Plaintiff's neck and back. Plaintiff attempted to refuse entry into the van, but the Defendants forcibly transported him a number of times that day. The rides caused Plaintiff additional injuries, and Defendants Greene, Kane, Aravena, Adamson, Castro, Balonga, and Palmieri, refused Plaintiff's requests for medical treatment and dragged his limping body around to various locations. (*Id*. at 8–10.) After the van rides, Plaintiff advised Defendant Dr. Lynch of these events and his new injuries, but the doctor refused to treat Plaintiff.

Plaintiff sues a number of employees of the New Jersey Department of Corrections ("NJDOC") in their individual and official capacities. To be liable within the meaning of 42 U.S.C. § 1983, a defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official thereof acting in his or her official capacity is not a "person" within the meaning of § 1983. Further, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This immunity is available to all States, as well as any entity that is "an arm of the state." *See Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977). As a result, courts in the Third Circuit have consistently held that the NJDOC and its subsidiaries are not "persons" subject to liability under § 1983 as they are immune from suit in federal court under the Eleventh Amendment. *See, e.g.*, *Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).

Similarly, agents or employees of the NJDOC and are not "persons" within the meaning of § 1983 when acting in their official capacity. *See Betts v. New Castle Youth Development Center*, 621 F.3d 249, 254 (3d Cir. 2010) (finding that "[i]ndividual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity"). Defendants Hicks, Lynch, Greene, Kane, Aravena, Adamson, Castro, Balonga, and Palmieri, are employees of the NJDOC. Accordingly, the Court will dismiss with prejudice all claims against these Defendants in their official capacities. Plaintiff's claims against them in their individual capacities may proceed.

Next, it appears that Plaintiff wishes to personally sue Defendant Reinhadt, the president and chief executive officer of "Synthes U.S.A. 2506," the manufacturer of the bone screws in this case. Plaintiff appears to sue Defendant Reinhadt under a theory of negligence and strict products liability. Generally, a "corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). "The thrust of the general rule is that the officer . . . must have some direct, personal participation in the tort, 'as where the defendant was the guiding spirit behind the wrongful conduct . . . or the central figure in the challenged corporate activity.'" *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cir. 1985) (internal quotation marks omitted) (quoting *Escrude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 907 (1st Cir.1980)). Here, the Complaint fails to explain how Defendant Reinhadt was personally or directly involved with the bone screws at issue in this case. Rather, it appears that Plaintiff has sued Defendant Reinhadt solely because he is a corporate officer of the bone screw manufacturer. Such allegations are insufficient to state a claim. Stated differently, even if Plaintiff attempted[1]

---

[1] Plaintiff has not named the manufacturer of the bone screws as a Defendant in this matter.

and succeeded in stating a claim against the manufacturer under a theory of negligence and products liability, Defendant Reinhadt would not be liable unless he had some actual participation in those torts. *Donsco*, 587 F.2d at 606. Consequently, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported merely by conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 676–78 (2009), and dismiss Plaintiff's claims against Defendant Reinhadt, without prejudice, for failure to state a claim.

The remainder of the Complaint may proceed.[2] Accordingly,

IT IS, on this **24th** day of June 2021,

**ORDERED** that the Clerk of the Court shall REOPEN this matter; and it is further

**ORDERED** that Plaintiff's claims against Defendants Hicks, Lynch, Greene, Kane, Aravena, Adamson, Castro, Balonga, and Palmieri, in their official capacities, are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's claims against Defendant Reinhadt are DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that the remainder of the Amended Complaint may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall TERMINATE all other original Defendants, with the exception of Defendant Tyagi, as they are not named as Defendants in the Amended Complaint; and it is further

---

[2] The Court is not expressly or implicitly limiting Defendants' right to assert any potential defenses as they see fit. Nor is the Court ruling that Plaintiff has established a violation. Instead, the Court is permitting these claims to go forward beyond screening.

**ORDERED** that the Clerk of the Court shall add Defendants Ganter, Hicks, Lynch, Greene, Kane, Aravena, Adamson, Castro, Balonga, and Palmieri, as Defendants in this matter; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and corresponding exhibits, and this Opinion and Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge